IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKENS ANTITRUST LITIGATION | Case No. 16-cv-08637<br><br>Hon. Thomas M. Durkin |
| CONAGRA BRANDS, INC.; PINNACLE FOODS, INC. KRAFT HEINZ FOODS COMPANY; NESTLÉ USA, INC.; and NESTLÉ PETCARE COMPANY,<br><br>Plaintiffs,<br>v.<br>TYSON FOODS, INC., et al.,<br><br>Defendants. | Case No. 1:19-cv-02190<br><br>Hon. Thomas M. Durkin |

**PLAINTIFFS' UNOPPOSED MOTION
TO ADMINISTRATIVELY CONSOLIDATE THEIR CASE WITH THE MASTER
DOCKET OF THE IN RE BROILER CHICKEN ANTITRUST LITIGATION CASE**

Pursuant to Federal Rules of Civil Procedure, Rule 42(a), Plaintiffs Conagra Brands, Inc., Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc., and Nestlé Purina PetCare Company (collectively, "Plaintiffs"), respectfully move to consolidate for administrative purposes their individual direct purchaser case with the master docket for related cases, captioned *In Re Broiler Chicken Antitrust Litigation,* Case No. 1:16-CV-08637. Plaintiffs filed their initial Complaint with this Court on March 29, 2019. *Conagra Brands, Inc., et al. v. Tyson Foods, Inc., et al.*, Case No. 1:19-cv-02190, ECF No. 1. Plaintiffs' case shares common questions of both law and fact with the cases currently pending before the Court under the master docket in *In Re Broiler Chicken Antitrust Litigation*, such that consolidation with the master docket for administrative purposes, including coordination of discovery and other pre-trial matters (and such other

administrative purposes deemed proper by the Court) would be in the interest of justice and judicial economy. Plaintiffs have consulted with counsel for defendants who have stated that they do not oppose the consolidation sought here. In further support, Plaintiffs state as follows:

**I.     BACKGROUND**

1.     On September 2, 2016, *Maplevale Farms, Inc., et al., v. Koch Foods, Inc.*, *et al.*, 1:16-cv-08637 (N.D. Ill.) ("*Maplevale*") was filed in this District on behalf of a proposed class of direct purchasers of broiler chickens. The *Maplevale* action alleges that Defendants engaged in a conspiracy to increase the prices of broiler chickens by reducing their supply and manipulating prices in violation of, *inter alia,* Section 1 of the Sherman Act, 15 U.S.C. § 1.

2.     On October 5, 2016, this Court granted various motions to reassign several of the later-filed class cases with the *Maplevale* case, creating what has been referred to as the master docket for these cases. (Case No. 16-cv-08637, ECF No 108.)

3.     Since December 2017, numerous individual direct-action cases have been filed in this District asserting claims grounded in legal and factual allegations that are the same and/or similar to the *Maplevale* class action, which cases have been transferred to the master docket of *In Re Broiler Chicken Antitrust Litigation*.

4.     On March 29, 2019, Plaintiffs filed their initial Complaint, captioned, *Conagra Brands, Inc., et al. v. Tyson Foods, Inc., et al.*, Case No. 1:19-cv-02190 (ECF No. 1), which was assigned to this Court as an initial matter.

5.     On May 24, 2019, as a matter of right (because Defendants had not been served), Plaintiffs filed their First Amended Complaint. (ECF No. 10.) Plaintiffs' First Amended Complaint involves questions of law and fact that are common with both the *Maplevale* case and

the other individual direct purchaser cases that have been transferred to the *In Re Broiler Chicken Antitrust Litigation* master docket for coordinated administration.

## II. DISCUSSION

6. This Court already presides over both the Plaintiffs' pending action and the *In Re Broiler Chicken Antitrust Litigation* cases with which Plaintiffs' shares common questions of law and fact, to wit:

7. The Plaintiffs' case and the cases pending on the *In Re Broiler Chicken Antitrust Litigation* master docket arise out of the same alleged basic transactions, conduct, and occurrences: (1) Defendant broiler chicken producers and their co-conspirators engaged in an agreement, combination, or conspiracy to fix, raise, elevate, maintain, manipulate and/or stabilize prices of broiler chickens sold in the United States in violation Section 1 of the Sherman Act, 15 U.S.C. § 1; and, (2) Plaintiffs purchased broiler chickens from Defendants at supra-competitive prices as a result of this alleged conspiracy.

8. Further, the Plaintiffs' case and the cases pending on the *In Re Broiler Chicken Antitrust Litigation* master docket share common questions of fact and law, *e.g.*: (1) whether Defendants and their co-conspirators engaged in an agreement, combination, or conspiracy to fix, raise, elevate, maintain, manipulate and/or stabilize prices of broiler chickens sold in interstate commerce in the United States, in violation Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) whether the conduct of Defendants and their co-conspirators caused injury to the business or property of the Plaintiffs; and (3) whether Plaintiffs are entitled to, among other things, an award of damages under Section 4 of the Clayton Act, 15 U.S.C. § 15(a).

9. There is significant overlap among the Defendants named in Plaintiffs' action and in the cases on the master docket. Indeed, on May 24, 2019, a Stipulation was filed in *In Re Broiler*

*Chicken Antitrust Litigation* concerning the waiver of service of summons and Defendants' responses in eighteen (18) individual direct action plaintiff cases, which specifically included Plaintiffs' case "(16) *Conagra Brands, Inc., et al. v. Tyson Foods, Inc. et al.*" (Stipulation [and Proposed Order] Concerning Waiver of Service and Responses to Direct Action Plaintiff Complaints and Amended Complaints. ECF No. 2220 at 7.) The "Stipulating Plaintiffs" included, among others, the instant Plaintiffs: "Conagra Brands, Inc.; Pinnacle Foods, Inc.; Kraft Heinz Foods Company; Nestlé USA, Inc.; and Nestlé Purina PetCare Company." (*Id*. at 6.)

10. Consolidating Plaintiffs' case with the *In Re Broiler Chicken Antitrust Litigation* master docket for administrative purposes will save, and avoid unnecessary duplication of, judicial time and effort and promote efficiency.

WHEREFORE, pursuant to Rule 42(a), and for the reasons set forth above, Plaintiffs respectfully request that their case, *Conagra Brands, Inc., et al. v. Tyson Foods Inc., et al.*, Case No. 1:19-cv-02190, be consolidated with the *In Re Broiler Chicken Antitrust Litigation* for administrative purposes.

June 3, 2019

Respectfully submitted,

CONAGRA BRANDS, INC.; PINNACLE FOODS, INC.; KRAFT HEINZ FOODS COMPANY; NESTLÉ USA, INC.; and, NESTLÉ PURINA PETCARE COMPANY,

By: /s/Robert M. Andalman
One of their Attorneys

David C. Eddy, Esq. (72258)
Antitrust Law Group, LLC
1601 Assembly Street
P.O. Box 8117
Columbia, SC 29202
Telephone: (803) 253-8267
Email: deddy@theantitrustlawgroup.com

4

Robert M. Andalman (ARDC #6209454)
Rachael Blackburn (ARDC #6277142)
A&G Law LLC
542 South Dearborn Street, 10th Floor
Chicago, Illinois 60605
Telephone: (312) 348-7629
Email: randalman@aandglaw.com
   rblackburn@aandglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I caused to be electronically filed the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO ADMINISTRATIVELY CONSOLIDATE THEIR CASE WITH THE MASTER DOCKET OF THE IN RE BROILER CHICKEN ANTITRUST LITIGATION CASE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service.

    /s/ Robert. M. Andalman